Rd cv
Receipt#40190

14

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **TANISHA MORROW,** | ) JURY TRIAL DEMANDED |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | ) Case: 2:23-cv-12953 |
| |    Assigned To : Goldsmith, Mark A. |
| | ) Referral Judge: Altman, Kimberly G. |
| |    Assign. Date : 11/21/2023 |
| | ) Description: CMP MORROW V. TRANS UNION, LLC ET AL |
| **TRANS UNION, LLC** | ) |
| | ) |
| **EQUIFAX INFORMATION SERVICES LLC** | ) |
| | ) |
|     **Defendants.** | ) |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.    INTRODUCTION**

1. Plaintiff TANISHA MORROW, brings this action under the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq.* (The "FCRA") alleging that Defendants Transunion, LLC (Transunion), and Equifax Information Services, LLC (Equifax), for negligently and recklessly disseminated false information regarding the Plaintiff's credit.

2. Plaintiff further alleges Transunion and Equifax failed to follow reasonable procedures to ensure maximum accuracy of credit reports they prepared concerning Plaintiff and failed to investigate credit report inaccuracies in response to Plaintiff's disputes and failed to promptly remove inaccurate information from Plaintiff's file.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. All violations done By Defendants TRANS UNION, LLC and EQUIFAX INFORMATION SERVICES LLC were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

5. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of those Defendants named.

6. The Fair Credit Reporting Act (FCRA), found at 15 U.S.C. § 1681, et seq., was originally enacted in 1970. The express purpose of the FCRA was to require that consumer reporting agencies adopt and implement "reasonable procedures" for ensuring that credit information about a consumer was collected, maintained, and dispensed "in a manner which is fair and equitable to the consumer with regard to the confidentiality, accuracy, relevancy and proper utilization of such information " FCRA, 15 U.S.C. §1681(b); *Safeco Ins. Co. of Am. v. Burr* (2007) 551 U.S. 47, 127 S.Ct. 2201, 2205. The Congressional findings noted that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with of fairness, impartiality, and respect for the consumer's right to privacy.

## II. JURISDICTION AND VENUE

7. Jurisdiction of this court arises under 15 U.S.C. § 1681(p), 28 U.S.C 1331. Venue in this District is proper in that the Defendants transact business here, and the conduct complained of occurred here.

### III. PARTIES

8. Plaintiff, TANISHA MORROW is a natural person residing in Romulus, Wayne County, Michigan. Plaintiff is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a(c).

9. (1) **Equifax** is a Georgia corporation duly authorized and qualified to do business in the State of Michigan (2) **Transunion** is a Delaware limited Liability company located in Chicago, Illinois who conducts business in the State of Michigan.

10. Upon information and belief Defendant's Equifax and Transunion is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p). Upon information and belief, Equifax and Transunion is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's creditworthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

   a. Public record information;

   b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

### IV. FACTS OF THE COMPLAINT

11. Plaintiff is an individual residing in Romulus, Wayne County, Michigan

12. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted and continue to conduct business in the State of Michigan.

13. Equifax and Transunion is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

14. Transunion and Equifax reported and or published Inaccurate information within Plaintiffs consumer credit report that did not pertain to Plaintiff.

15. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C § 1681a(d)(1) of the FCRA.

16. Plaintiff was and is currently in the market for $50,000 in credit in an effort to start her new business venture. Plaintiff currently has a low paying job that does not pay enough for her to invest into her dreams to own her own trucking company and therefore she wanting to seek capital.

17. Before Plaintiff applied for credit she wanted to check her score and make sure that her report was clear from Inaccurate items and information that did not pertain to Plaintiff that could possibly be misleading to a potential creditor.

18. To plaintiff surprise she noticed Inaccurate items and information in her Transunion and Equifax report and attached a screenshot of the items and information to her dispute letter dated Aug 6, 2023, that was sent directly to Defendant's Transunion and Equifax.

19. The Inaccurate Items at issue in this complaint are:

(a) ONE MAIN with account #*************4797

(b) VIBE CU with account # ******0200

(c)     CREDITACPT with account # *****1248

(d)     NAVY FCU with account # ************8752

20.     In or around August of 2023, Plaintiff noticed that the Defendants were reporting a ONE MAIN with account #************4797, VIBE CU with account # ******0200, CREDITACPT with account # *****1248 and NAVY FCU with account # ************8752 trade-line on her credit report with inaccurate balances and late 30, 60 and 90 day late status and or any late status period.

21.     This is what Plaintiff disputed about the items and information directly with the Defendants in the dispute letter dated Aug 6, 2023.

(1)     I dispute the False, Inaccurate, Incomplete, and Misleading information being reported and published from ONE MAIN with account #************4797. One Main is reporting that I have a high balance of $5,586 and a past due amount allegedly owed on this account in the amount of $5,824 which is all False, Inaccurate, Incomplete, and Misleading information and could cause a third party to be further mislead if my report is disseminated.

(2)     I dispute the False, Inaccurate, Incomplete, and Misleading information being reported and published by VIBE CU with account # ******0200. VIBE CU is reporting that I have a high balance of $7,756 and an allegedly amount owed on the account of $557 which is all False, Inaccurate, Incomplete, and Misleading information and could cause a third party to be further misled if my report is disseminated.

(3)     I dispute the False, Inaccurate, Incomplete, and Misleading information being reported and published by CREDITACPT with account # *****1248. CREDITACPT is reporting a high balance of $18,730 and also reporting that I have an alleged amount owed of $7,288 associated

with this account CREDITACPT is also reporting that I have been 120 days delinquent which is all False, Inaccurate, Incomplete, and Misleading information and could cause a third party to be further misled if my report is disseminated.

(4)     I dispute the False, Inaccurate, Incomplete, and Misleading information being reported and published by NAVY FCU with account # ************8752. NAVY FCU is reporting that I am using  99.85% of my account's limit. which is all False, Inaccurate, Incomplete, and Misleading information and could cause a third party to be further misled if my report is disseminated.

22.     This dispute that Plaintiff sent to Defendants was dated Aug 6, 2023.

23.     The dispute dated Aug 6 2023 was sent to defendants via U.S.P.S certified mail.

**TRACKING NUMBER FOR DISPUTE**

(1)     Transunion # 9589-0710-5270-0663-1129-70

(2)     Equifax # 9589-0710-5270-0663-1129-87


24.     U.S.P.S notified Plaintiff that the Defendants received the disputes.

**DATE DEFENDANTS RECIEVED DISPUTE**

(1)     Transunion August 14, 2023, at or around 6:28 pm

(2)     Equifax August 17, 2023, at or around 1:34 pm

**PLAINTIFF HAS EVIDENCE IN HER POSSESSION**

Plaintiff has a copy of the dispute letter mentioned in this complaint but Plaintiff has not attached the dispute because it has personal Identifying information on the letter, but Plaintiff will provide

the defendants with as copy if requested or Plaintiff will properly submit copies of evidence for trial herein.

25.     In her dispute letter Plaintiff disputed the accuracy and completeness pursuant to 1681i of the Balances associated with the accounts mentioned in this complaint and also the delinquent late payment remarks and requested that an investigation be conducted and that Inaccurate information be removed from her report, and also requested the Defendants to not solely rely on the information being provided to them from the furnishers of information because Plaintiff believed the information being provided to the Defendants by the furnishers mentioned in this complaint was unreliable.

**ADDITIONAL INFORMATION ABOUT 15 U.S.C. § 1681i(a)(1)(A)**

if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

26.     Instead of conducting a reasonable investigation, the Defendants verified the accounts as accurate and have continued to report the negative information, causing the Plaintiff harm.

27.     Upon information and belief the Defendants solely relied on the information and or/ certification from the furnishers of information mentioned in this complaint even after Plaintiff

notified the Defendants via her dispute mentioned In this complaint that she believed the information the furnishers where providing to the Defendants Transunion and Equifax was unreliable.

28.    Transunion and Equifax never notified Plaintiff that her dispute mentioned in this complaint was frivolous or irrelevant.

29.    The Defendants failed to promptly delete inaccurate, misleading and or unverifiable information from the Plaintiffs file after being notified by Plaintiff of such errors thus violating the FCRA.

30.    Defendant's failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit reports, concerning the accounts in question, thus violating the FCRA. These violations occurred before, during, and after the dispute process began with Transunion and Equifax.

31.    At all times pertinent hereto, the conduct of Defendant's, as well as that of its agents, servants and or/employees, was malicious, intentional, willful, reckless, negligent an in disregard for federal law and the rights of the Plaintiff herein.

32.    As a result of the actions and inactions of Defendant's, Plaintiff suffered damages, including *but not limited to*, mental and emotional distress, being denied credit, and being granted credit with a much higher interest rate.

33.    Plaintiffs credit reports, credit information and file formulated by Transunion, and Equifax have been viewed by current and potential credit grantors and extenders of credit, as indicated by inquires on each of their credit reports. The Inaccurate information being reported by Transunion, and Equifax Is continuing to damage the Plaintiff's credit rating as well as her credit reputation.

## ACTUAL DAMAGES

Plaintiff has actual damages and believes that she is entitled to relief as a matter of law. Plaintiff was denied credit from Goldman Sachs who pulled her Transunion report and Plaintiff was denied credit from Penfed credit union who pulled her Equifax report. The Defendants disseminated a report over to the potential creditors with inaccurate items and information on the report that Plaintiff had disputed, The Defendants doing so caused a denied credit application. Plaintiff was and is currently in the market for a total of $50,000 as previously mentioned in this complaint to start her new business venture. Plaintiff was terrified of applying for anything additional after that denial because she was afraid that she would get denied again due to the Inaccurate information still being in her report. Plaintiff being denied credit and having to Explain to her potential business partner her credit woes had her quite humiliated and embarrassed. Plaintiff has become very stressed due to the Defendants lack of care for its required duties under the Fair credit reporting act. Plaintiff has been feeling less than due to the fact that she cannot receive credit due to inaccurate items and information being on her report that the defendants failed to promptly remove. Plaintiff believes that if the Defendants would have done a reasonable reinvestigation and not solely rely on the information being provided to them by the furnishers of information mentioned in this complaint and promptly removed the inaccurate information, and assuring Plaintiff the maximum possible accuracy mandated by the Fair Credit Reporting Act plaintiff would not have the negative emotions she has today. **Plaintiff's emotional distress and mental anguish** was caused due to the above mentioned and due to the Defendants actions and inactions and or failure of its required duties under the Fair

Credit Reporting Act, and Plaintiff believes that she is entitled to recover from these damages as a matter of law.

## COUNT 1
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681i (Against Defendant Transunion, Equifax)

34. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

35. At all times Pertinent hereto, Equifax and Transunion was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

36. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, In fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. See 15 U.S.C. § 1681i(a)(5)(A).

37. Plaintiff initiated disputes with Transunion and Equifax requesting that they correct and or remove specific information associated with specific items in her credit file that is patently inaccurate and damaging to her.

38. Transunion and Equifax after either conducting no investigation or failing to conduct a reasonable investigation, verified the inaccurate item and information on her credit file, something that any basic investigation would have prevented if the Defendants did not soley rely on the certification and or information from the furnishers of information mentioned in this complaint.

39. As a direct and proximate result of Defendants Transunion and Equifax willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, plaintiff has been harmed, as explained above.

## COUNT 2
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
### 15 U.S.C. § 1681e(b) ( Against Defendant Transunion, Equifax)

40. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

41. A consumer reporting agency violates 15 U.S.C. §1681e(b) when it amongst other things prepares a report with inaccurate information that does not concern the individual about whom the report relates, published an inaccurate consumer report to a third party and failed to maintain a procedure designed to assure maximum possible accuracy.

42. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

43. Were Transunion to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff; it would have removed the inaccurate information being reported on the Plaintiff's credit report.

44. Were Equifax to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff; it would have removed the inaccurate information being reported on the Plaintiff's credit report.

45. If Transunion and Equifax would have removed the Inaccurate items and information that Plaintiff had notified them about in her dispute mentioned in this complaint they could have prevented themselves from violating the FCRA, The defendants failure of this section amongst other things caused for Plaintiff to be denied credit because the defendants disseminated

her report to potential creditors and Plaintiff believes that Goldman Sachs and Penfed credit union had to rely on inaccurate and misleading information that was disputed by plaintiff but not promptly removed by Defendants.

46.  As a direct and proximate result of Defendants Transunion and Equifax willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, plaintiff has been harmed, as explained above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff TANISHA MORROW respectfully requests that judgment be entered against Defendant's Transunion, and Equifax:

a) Awarding Plaintiff Actual damages;

b) Awarding Plaintiff Statutory damages;

c) Awarding Plaintiff Punitive damages;

d) Awarding Plaintiff the Costs of this action and fees and expenses;

e) Awarding pre-judgement interest and post-judgement interest;

f) A declaration that Defendant's conduct alleged herein is unlawful, as set forth more fully above;

g) Equitable relief, enjoying Defendant from engaging in the unjust and unlawful conduct alleged herein; and

h) Award to Plaintiff of such other and further relief as may be just and proper.

Dated this 15th. day of November 2023

*[signature: Tanisha Morrow]*

TANISHA MORROW Pro Se
TANISHA RENEE MORROW
28875 CULLEN DR ROMULUS
MI 48174-3194
morrowtanisha644@gmail.com
**JURY TRIAL DEMANDED**

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
TANISHA MORROW

**DEFENDANTS**
TRANSUNION, LLC
EQUIFAX INFORMATION SERVICES LLC

(b) County of Residence of First Listed Plaintiff   WAYNE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____

Case: 2:23-cv-12953
Assigned To : Goldsmith, Mark A.
Referral Judge: Altman, Kimberly G.
Assign. Date : 11/21/2023
Description: CMP MORROW V. TRANS UNION, LLC ET AL

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | 710 Fair Labor Standards Act | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | | | [x] 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| | | | | 863 DIWC/DIWW (405(g)) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | 864 SSID Title XVI | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 865 RSI (405(g)) | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** 540 Mandamus & Other | 462 Naturalization Application | | |
| | 448 Education | 550 Civil Rights | 465 Other Immigration Actions | | 950 Constitutionality of State Statutes |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
violation of the Fair Credit Reporting Act U.S.C 1681 et seq

Brief description of cause:
Failure to promptly remove inaccurate items and information in credit file and failure to conduct a reasonable reinvestigation

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD
Tanisha Morrow

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____