UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TANISHA MORROW,

      Plaintiff,

v.

TRANSUNION LLC and EQUIFAX
INFORMATION SERVICES LLC,

      Defendants.
_____/

Case No. 2:23-cv-12953

Honorable Susan K. DeClercq
United States District Judge

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND DENYING DEFENDANTS' MOTION TO DISMISS

Before this Court are two motions: Plaintiff Tanisha Morrow's motion for leave to amend her complaint and Defendant Equifax's motion to dismiss, which Defendant TransUnion has joined. After reviewing the filings, the motions, and the applicable law, a hearing is not needed. E.D. Mich. LR 7.1(f)(2). As explained below, Plaintiff will be granted leave to amend her complaint, and Defendants' motion to dismiss will be denied.

### I.

In October 2023, Plaintiff filed a complaint against Defendants TransUnion and Equifax for two alleged violations of the Fair Credit Reporting Act (FCRA). ECF No. 1. Plaintiff alleges that Defendants negligently disseminated false information on her credit report, violating 15 U.S.C. § 1681e(b), and that Defendants

failed to properly investigate and remove inaccurate information from her credit report upon notification, violating 15 U.S.C. § 1681i(a). In December 2023, TransUnion filed an answer. ECF No. 14. In January 2024, the deadline to file dispositive motions was set for June 3, 2024. *See* ECF No. 15. And on February 1, 2024, the parties stipulated to permit Equifax to file a motion dismiss by February 9, 2024. ECF No. 19.

On February 6, 2024, Equifax filed a motion to dismiss the complaint and to stay discovery. ECF No. 20. Trans Union joined Equifax's motion. ECF No. 22. The motion has been fully briefed. ECF Nos. 25; 28.

On February 22, 2024, Plaintiff filed a motion for leave to amend her complaint to address the deficiencies that Equifax identified. ECF No. 23; *see also* Am. Compl., ECF No. 24. The motion has been fully briefed. ECF Nos. 26; 27.[1]

## II.

"The court should freely give leave [to amend] when justice so requires," FED. R. CIV. 15(a)(2), creating a "general presumption in favor of allowing a party to amend its pleadings," *Fox v. Massey-Ferguson, Inc.*, 172 F.R.D. 653, 656 (E.D. Mich. 1995). Generally, justice requires leave to amend absent "a substantial reason to deny leave to amend." *Rogers v. Broder & Sachse Real Est.*, No. 1:14-CV-11084, 2014 WL 4772715, at *1 (E.D. Mich. Sept. 24, 2014) (quoting *Dussouy v. Gulf Coast*

---

[1] The case was reassigned to the undersigned on April 2, 2024. *See* 24-AO-007.

*Inv.*, 660 F.2d 594, 598 (5th Cir. 1981)). The decision to grant or to deny leave to amend is "left to the sound discretion of the trial judge." *Klein ex rel. Klein v. Caterpillar Inc.*, 581 F. Supp. 3d 912, 918 (E.D. Mich. 2022) (quoting *Glob. Lift Corp. v. Hiwin Corp.*, No. 1:14-CV-12200, 2016 WL 5476238, at *3 (E.D. Mich. Sept. 29, 2016)). And "the case law in this Circuit manifests liberality in allowing amendments to a complaint." *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (citation and internal quotation marks omitted). Indeed, "the thrust of Rule 15 is to reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings,'" *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (per curiam) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)).

Here, Plaintiff filed her motion to amend the complaint only 16 days after the filing of the motion to dismiss. Indeed, the motion to dismiss would have been untimely if Plaintiff had not stipulated to an extension of Equifax's deadline to file it. *See* FED. R. CIV. P. 12(a)(1)(A)(i) (requiring answer to be filed within 21 days of service of summons and complaint); ECF No. 8 (demonstrating that complaint and summons were served before December 13, 2023). Moreover, the proposed amendment does not add any new parties or claims. Accordingly, in the spirit of liberality expected by the Sixth Circuit, this Court will permit Plaintiff to amend her complaint.

- 3 -

## III.

Next, this Court must determine the effect of Plaintiff's amended complaint on Defendants' pending motion to dismiss.

Generally, an "amended complaint supersedes the original complaint, thus making the motion to dismiss the original complaint moot." *Ky. Press Ass'n v. Kentucky*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005) (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000)). But "[t]here is no reason to exalt form over substance and force Defendant to file a new motion to dismiss" if "the amended complaint is 'substantially identical to the original complaint.'" *Klein*, 581 F. Supp. 3d at 919 (quoting *Mandali v. Clark*, No. 2:13-CV-01210, 2014 WL 5089423 at *2 (S.D. Ohio Oct. 9, 2014)).

Here, the amended complaint merely augments the original with additional facts, clarifying the alleged harm and the inaccuracies in the credit reports. *Compare* ECF No. 1, *with* ECF No. 24. That is, the "proposed amendment does not change the nature of the case, but rather just clarifies the allegations that [Plaintiff] had already made in h[er] original complaint." *Green v. Mason*, 504 F. Supp. 3d 813, 826 (S.D. Ohio 2020).

So Defendants' motion to dismiss will be applied to the amended complaint.

## IV.

Defendants' motion to dismiss argues that the case should be dismissed (1) under Civil Rule 12(b)(1) for lack of Article III standing and (2) under Civil Rule 12(b)(6) because the credit reports were issued for commercial purposes, thus falling outside the FCRA's ambit. ECF No. 20.

Although both arguments will be addressed in turn, Defendants' motion does not contest every element of Plaintiff's claims, so only the specific arguments raised will be addressed. *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991) (holding that the "movant" of a motion to dismiss has the "burden" of demonstrating the plaintiff's "failure to state a claim" (citing FED. R. CIV. P. 12(b)(6))); *see United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020) ("In our adversarial system of adjudication, we follow the principle of party presentation."); *cf. Thomas v. Lambert*, 600 F. Supp. 3d 793, 803 (E.D. Mich. 2022) (addressing "Plaintiffs' claims only to the extent that Defendant . . . contested them"); *Martin v. Saginaw Cnty. Rd. Comm'n*, 606 F. Supp. 3d 639, 650 (E.D. Mich. 2022) (same).

### A.

"Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).

Defendants make a facial attack on Plaintiff's complaint, not a factual attack. *See* ECF No. 20-1 at PageID.87–89. A facial attack questions the sufficiency of the complaint itself, without delving into matters outside the pleadings. By contrast, Defendants argue that Plaintiff fails to state a claim upon which relief can be granted because her claim involves a report issued for business purposes, which is not covered by the FCRA. In addition, Defendants contend that Plaintiff lacks Article III standing because has not suffered a concrete harm connected to a right created by the FCRA. In overcoming such facial attacks, Plaintiff's burden is "not onerous." *Musson Theatrical Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996).

"A facial attack on subject matter jurisdiction is reviewed under the same standard as a 12(b)(6) motion to dismiss." *Riley v. Gen. Motors, LLC*, 591 F. Supp. 3d 259, 266 (S.D. Ohio 2022) (citing *Ohio Nat'l Life Ins. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). The complaint fails to state a claim if its allegations do not support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering the motion to dismiss, the court accepts the complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The plaintiff need not provide "detailed factual allegations" but must provide "more than

labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] formulaic recitation of the elements of a cause of action will not do.").

Although the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," the court need not accept legal conclusions as true. *Iqbal*, 556 U.S. at 678–79 (quotations and citation omitted). The complaint is facially plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678; *see also 16630 Southfield Ltd. v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) ("The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct."). If not, then the court must grant the motion to dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

In addition, *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers"; they must "be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *accord Martin*, 606 F. Supp. 3d at 645.

**B.**

With respect to Article III standing, Defendants assert that "Plaintiff has not alleged that she suffered a concrete harm in connection with any right granted by the FCRA." ECF No. 20-1 at PageID.89. Not so.

In a recent FCRA case, the Supreme Court clarified that plaintiffs have Article III standing if they have suffered "physical harm, monetary harm, or various intangible harms including (as relevant here) reputational harm." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 417 (2021) (citing *Spokeo, Inc. v. Robins*, 578 U. S. 330, 340–41 (2016)).

Here, Plaintiff has alleged both a monetary harm (i.e., that "Defendants caused a denied credit application and hindered Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics") and a reputational harm (i.e., that "Plaintiff [was] denied credit and ha[d] to Explain to her potential business partner her credit woes[, which] had her quite humiliated and embarrassed"). ECF No. 24 at PageID.118. Defendants have correctly acknowledged that "damages" can exist under the FCRA "in the form of 'the los[s] of an opportunity to participate in a real estate investment venture.'" ECF No. 20-1 at PageID.85 (quoting *Podell v. Citicorp Diners Club, Inc.*, 914 F. Supp. 1025, 1036 (S.D.N.Y. 1996), *aff'd*, 112 F.3d 98 (2d Cir. 1997)). And the distribution of a person's private information in violation of a statute is "an intangible harm presenting ample constitutional mooring for Article III purposes." *E.g.*, *Pratt v. KSE Sportsman Media, Inc.*, 586 F. Supp. 3d 666, 678 (E.D. Mich. 2022).

For these reasons, Plaintiff has Article III standing to bring her claims.

## C.

Defendants also contend that Plaintiff's complaint fails because she sought a loan for commercial purposes and "the FCRA was intended to apply simply to reports used for consumer purposes." ECF No. 20-1 at PageID.84 (citing *Cheatham v. McCormick*, 100 F.3d 956 (6th Cir. 1996)).

But that is not what the complaint says. Rather, it states that Plaintiff "was and is currently in the market for a total of $50,000 in credit for Personal, Family or Household purposes." ECF No. 24 at PageID.118. That personal loan is the root of Plaintiff's alleged harms. True, she was interested in "additional funding beyond the $50,000 in order to invest into a trucking business." *Id.* But she "was terrified" of submitting that "additional" loan application "because she was afraid that she would get denied again due to the Inaccurate information still being in her report." *Id.* In sum—construing the facts liberally, as true, and in Plaintiff's favor—the credit reports at issue here were not sought for a commercial purpose.

Even if the reports were sought for both personal and commercial purposes, Plaintiff's FCRA claims would still proceed on the personal ground, just not the commercial ground. *Lewis v. Experian Info. Sols.*, No. 0:04-CV-000088, 2006 WL 897198, at *2 (E.D. Ky. Apr. 3, 2006). And to the extent that Defendants say the report was sought for only commercial purposes, the "purpose" of a credit report is

a question of fact that a jury must decide. *Duncan v. Handmaker*, 149 F.3d 424, 425 (6th Cir. 1998).

Simply put, Plaintiff has sufficiently pled both of her FCRA claims. Because all of Defendants' arguments lack merit, their motion to dismiss and related request to stay discovery will be denied.

V.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Leave to Amend, ECF No. 23, is **GRANTED**.

Further, it is **ORDERED** that Plaintiff's First Amended Complaint, ECF No. 24, is **ACCEPTED**.

Further, it is **ORDERED** that Defendants' Motion to Dismiss, ECF No. 20, is **DENIED**.


Dated: 4/12/2024                               */s/Susan K. DeClercq*
                                               SUSAN K. DeCLERCQ
                                               United States District Judge